**United States District Court**
Southern District of Florida

Case No.

David Abellard, Jr.,

    Plaintiff,

v.

Medical Management International, Inc.,
dba Banfield Pet Hospital,

    Defendant.

_____/

**Complaint for Money Damages**

Plaintiff, David Allebard, by and through undersigned counsel, for her complaint against Defendant, Medical Management International, Inc. dba Banfield Pet Hospital, alleges as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff is an individual and citizen of the State of Florida, residing in Hollywood, Florida 33019, and is a "person" as defined by 47 U.S.C. § 153(39).

2. Defendant, Medical Management International, Inc., dba Banfield Pet Hospital, is a Delaware corporation with a principle place of business at 888 SW 5th Avenue, Suite 1600, Portland, Oregon, and is "person" as defined by 47 U.S.C. § 153(39).

3. Plaintiffs' claim arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

4. This Court has subject matter jurisdiction over this claim founded on 28 U.S.C. §1331 (federal question).

5. This Court has personal jurisdiction over the Defendant, because Defendant continuously and systematically transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

6. Venue for this action is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to the Plaintiff's claim took place in Miami-Dade County, Florida and the Court has personal jurisdiction over the Defendant.

**Factual Background**

7. In or around February 2015, Plaintiff obtained a cellular telephone number with Verizon, xxx-xxx-6538 (the "Cell Number").

8. On November 09, 2015, Plaintiff enrolled in Defendant's Optimum Wellness Plan ("the Plan").

9. Several months later, Plaintiff received an unsolicited call to the Cell Number from a representative of Defendant during which Plaintiff expressly demanded that the Plan be immediately cancelled.

2

10. Soon thereafter, however, Defendant began making calls to the Cell Number using an automatic telephone dialing system ("ATDS") and using an artificial or prerecorded voice.

11. When Plaintiff answered calls from Defendant, he heard a prerecorded message stating that Defendant was calling regarding an alleged issue with the Plan. Defendant also left numerous voicemail messages that recited the same prerecorded message regarding the Plan.

12. On August 22, 2016, after answering an unsolicited call made by Defendant to the Cell Number, Plaintiff expressly revoked consent to Defendant's use of the Cell Number for any purpose. Plaintiff documented the call and his conversation with a representative of Defendant who stated that his name was Manuel and that he worked in Defendant's billing department but who refused to give any further information to Plaintiff.

13. Because Defendant continued to make repeated calls to the Cell Number even after Plaintiff expressly revoked consent, on September 11, 2016, Plaintiff sent an email communication to Defendant placing Defendant on notice of its unlawful use of the Cell Number.

14. On September 12, 2016, Plaintiff sent a letter to Defendant by certified mail, return receipt requested, notifying Defendant of his revocation of consent to the receipt of any calls from Defendant on the Cell Number.

15. Despite Plaintiff having expressly revoked consent several times both orally and in writing, Defendant continued to make unsolicited calls to the Cell Number until, on September 13, 2016, Plaintiff answered one such call and again informed a representative of Defendant named Kelly that he did not consent to Plaintiff's use of the Cell Number for any purpose.

### COUNT I
### Violation of the TCPA
(47 U.S. Code § 227)

16. Plaintiff incorporates by reference paragraphs 1 through 13 of this Complaint.

17. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and using a prerecorded or artificial voice.

18. Upon receiving unsolicited calls from Defendant, Plaintiff revoked consent orally and in writing to receiving calls from Defendant on his cell number.

4

19. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. §227(b)(1).

20. The calls from Defendant were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

21. Defendant violated the provisions of 47 U.S. Code § 227 at least four separate times by calling Plaintiff after he revoked consent to the use of his telephone number for such purposes.

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA in accordance with 47 U.S.C. §227(b)(3)(B).

23. Additionally, in accordance with 47 U.S.C. §227(b)(3)(C), Plaintiff is entitled to an award of treble damages in the amount of $1,500.00 for each violation that was knowingly or willfully accomplished by Defendant.

**Wherefore**, Plaintiff respectfully requests that this Court enter judgment:

*One*, enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it from violating the TCPA against Plaintiff;

*Two*, awarding judgment against Defendant for statutory damages of $500.00 for each violation determined by negligent pursuant to 47 U.S.C. §227(b)(3)(B);

*Three*, awarding judgment against Defendant for treble damages for each violation determined willful and/or knowing pursuant to 47 U.S.C. §227(b)(3)(C);

*Four*, awarding Plaintiff costs, including a reasonable attorney's fee; and

*Five,* granting such other and further relief as is just.

## Jury Demand

Plaintiff demands a trial by jury of all issues implicated by this complaint.

_____
December 12, 2016
Coral Gables, FL

Respectfully Submitted,

By: */s/Paul Alexander Bravo*
Paul Alexander Bravo
Fla. Bar No. 38275

**P.A. Bravo, P.A.**
2525 Ponce De Leon Blvd., Suite 300
Coral Gables, Florida 33134
305.209.9019
service@pabravo.com